INSD Pro Se Employment Discrimination Complaint 12/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

Case No: 20-cv-097 TWP-DML
*(to be filled in by the Clerk's Office)*

Timothy J. Burnett
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Pluto Corporation
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: (check one)  [X] Yes  [ ] No

FILED
APR 27 2020
US DISTRICT COURT
NEW ALBANY DIVISION

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include *only*: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Case 4:20-cv-00097-TWP-DML   Document 1   Filed 04/27/20   Page 2 of 10 PageID #: 2

INSD Pro Se Employment Discrimination Complaint 4/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

## I. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [X] Other federal law *(specify the federal law)*:
    Section 1981, 42 U.S.C.

- [ ] Relevant state law *(specify, if known)*:

- [ ] Relevant city or county law *(specify, if known)*:

## II. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Timothy J. Burnett |
| Street Address | 9633 IN-56 Apt. 9 |
| City and County | French Lick   Orange County |
| State and Zip Code | Indiana   47432 |
| Telephone Number | (812) 788-1449 |
| E-mail Address | burnycarbo@gmail.com |

INSD Pro Se Employment Discrimination Complaint 4/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, a corporation, or another entity. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Pluto Corporation |
| Job or Title (if known) | |
| Street Address | 8647 IN-56 |
| City and County | French Lick  Orange County |
| State and Zip Code | Indiana  47432 |
| Telephone Number | (812) 936-9988 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Pluto Corporation |
| Street Address | 8647 IN-56 |
| City and County | French Lick  Orange County |
| State and Zip Code | Indiana  47432 |
| Telephone Number | (812) 936-9988 |

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.** The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [X] Unequal terms and conditions of my employment.
- [ ] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

**B.** It is my best recollection that the alleged discriminatory acts occurred on date(s)

~~November 2, 2018 and continued until the end of April 2019.~~
January 26, 2019 and continued until the end of April 2019.

**C.** I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [X] is/are not still committing these acts against me.

INSD Pro Se Employment Discrimination Complaint 4/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

**D.** Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

[X] race — African-American male
[ ] color gender/sex
[ ] religion
[ ] national origin
[ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
[ ] disability or perceived disability *(specify disability)*

**E.** The facts of my case are as follows. Attach additional pages if needed.

On Friday, October 31, 2018 I was informed by Dave Mathers, Plant Manager, that there was a large order for club pack that needed to be filled and as a result there would be plenty of overtime to be had until its completion. On Sunday, November 2, 2018, I arrived at work at 5:45 a.m. and reported to the club pack production line. Upon my arrival, I was met by a six person crew who stood about relatively inactive. Five cases of product on the line which had the capacity for 50 and did not look to be added to with any amount of urgencey. I suggested to Cody Robbins asst. mechanic and crew leader of the project for that day, that the current set-up, from my past experience with other club pack projects, did not lend itself to an efficient production run. To this Cody responded that Dave wanted no more than six people on the project and I made seven. I questioned this because in the past there had been as many as eight. Cody seemed, in my opinion to take exception to my evaluation, became verbally combative and insisted that I leave the work area. I was reluctant to do so, considering what Dave had told me only two days before. More words were exchanged and I voiced the position that he was not going to talk to me like he had Ida, Vicky and Shrink. To this he responded that he would just go to his truck for his gun and shoot my ass.
I did not give this declaration much attention as he frequently boasted of his permit to conceal and carry. However, to my surprise, he immediately followed up in loud voice, "Y'all hear that? He just threatened me." There was no truth in his statement but with that his fiancee chimed in, only serving to escalate the verbal confrontation that ended with her threatening to call the police and Cody calling Dave at home for permission to have me removed. I did not speak to Dave at this time. I clocked out and walked the 30 minutes it took to get home.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

On Monday, November 3, 2018 Connie Knight, a long-time employee who had also been at work on the project, informed me that an effort had been made by the Packaging Superintendant, Denny Wininger, to have those who were in attendance on Sunday to swear out affadavits to the effect that I had threatened Cody with a knife and that had prompted Cody's threat of gun violence. No one had done so.

At this point, everyone on the project had been questioned about the previous day's events with the exception of myself. It was not until Thursday, November 29, 2018 that any reference was made to the events of November 2. This came about as I was checking the following day's schedule and found that my name was not listed. I went to the nearby production office to find out the reason for the oversight and was informed by Vicky Tuell and Michelle Chatman that they did not know and that I would have to talk to Dave about it.

I then proceeded to E-line where I discovered Mr. Mathers in front of the filler. I questioned him about the ommission. From him came rather vague and ambivalent ~~racial-epithets~~ references to racial epithets being slung around and my alleged threat to Cody. He then stated that a least one person had heard my use the word "Whitie" which I found to be absurd, as neither Cody nor I had referenced race in any manner. I told him that was not the case but he told me to take the next 3 days off, as I would probably not be needed anyway. This I found odd, as we were constantly short on help. Aware of the tenuous nature of my position, I held my piece, even though I had just been summarily suspended for 3 days without just cause. This marked the beginning of my being prohibited from working overtime on Sundays.

On or about Saturday, January 26, 2019 I and another employee were paired to stack at plant 2. I had not been feeling 100 percent and was relieved that the workload would be shared on that day. Up until the 11 o'clock lunch hour, the line had been running smoothly and at a manageable pace. I alone returned at 11:30 and immediately noted that the production had been dramatically accelerated. I voice my concern to James McCracken that the pace was unsustainable for one stacker. To this he responded, "That's why there's two of you." I pointed out to him that I alone had returned and did not intend to work at an unreasonably accelerated clip for his amusement. Rather than do so, I informed him, I would much rather prefer to leave early. To this he responded that he would have them take me off of Saturdays altogether. Here began the prohibition of my Saturday overtime.

As this prohibition continued through the end of March 2019, I found occasion to question the COO, Andrew Iacobelli, about the fairness of the restrictions placed on me and made him aware

of my feeling that the practice was discriminatory in nature. He assured me that he would express my concerns to Mr. Mathers at his earliest ~~convience.~~ convenience. One week later Mr. Iacobelli returned to me with the information that he had in fact spoken with Mr. Mathers and voiced his concern that even if his(Mr, Mathers') intentions were not to disctiminate, the percieved outcome was the very opposite. It had also been made known to me by way of Michelle Chatman, office support staff, that the decision to prohibit me from Saturdays and Sundays reated solely with Mr. Mathers.

I subsequently continued to prod Mr. Iacobelli until finally, on or about April 30, 2019, Mr, Iacobelli got Mr. Mathers and I together in an effort to resolve this uncomfortable situation. I voiced my position to Mr. Mathers and questioned the difference between me, who hadgiven the company 12 years of service, and other white employees who had served far less time, yet were permitted without penalty to either miss on Saturday altogether or leave early with impunity. To this Mr. Mathers had no respnse and it was there our interview ended. Ironically, only hours before I had mailed out a letter to the Indiana EEOC outlining my complaint against the Pluto Corporation.

INSD Pro Se Employment Discrimination Complaint 4/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

5-16-2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*  1-28-2020

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ 60 days or more have not elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I would respectfully request the court to order damages in the amount of $5,145.00 with respect to the overtime hours I was unfairly denied the opportunity to work. Specifically, 16 overtime hours per week(Saturday and Sunday combined)for the 12 weeks covering the period from Feb. 1, 2019 through Apr 30, 2019,

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

V. (cont.)

In addition, I include the 12 weeks covering the months of November through January, when the opportunity for Sunday overtime was first denied, multiplied by 8 hours per week, multiplied by the overtime rate of 17.86 per hour. The cumulative dollar amount of $5,145.00 is a rounded figure reflecting the aforementioned calculations.

As for punitive or exemplary damages, I can only consider them proportionate to the damages outlined in the paragraph above. As that amount would have consisted of 1/5 of my annual salary and it is my understanding that Pluto Corp. recorded a net profit of roughly 16 million dollars in the fiscal year 2019, application of this standard would, of course, bring about an award of 3.2 million dollars. I do not suggest this amount. But what price does one place on human dignity? Further, what is the price one places on the damage, both mental and spiritual(not to mention the physical toll), levied against another human being who is daily made to feel a citizen of the second order? I propose the amount of $500,000.00. This, I believe, although falling far short of the 1/5 model, is an amount not easily forgotten and sends the message that there is still a great deal of value to the human spirit.

Finally, having served honorably in this nation's armed forces protecting the freedoms which allow corporations that operate in this country the where-with-all to record these types of profits, I feel it is imperative they be held to account, should they be found guilty of trampling under foot the rights citizenship of this nation affords.

INSD Pro Se Employment Discrimination Complaint 4/19 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-25-20

Signature of Plaintiff: _[signature]_

Printed Name of Plaintiff: _Timothy J. Burns_